IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| ADMIRAL INSURANCE COMPANY and THE OHIO CASUALTY INSURANCE COMPANY, | : | No. 15-3486 |
| *Defendants*. | : | |

# M E M O R A N D U M

PRATTER, J.                                                                                    MARCH 29, 2016

Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") sues two of its competitor insurance providers, Admiral Insurance Company ("Admiral") and The Ohio Casualty Insurance Company ("Ohio Casualty"), seeking indemnification, contribution, unjust enrichment and subrogation damages stemming from a payment made by Philadelphia Indemnity to DRI/CA College Station, LLC ("DRI"), Campus Investors Texas A&M, LP ("Campus Investors") and other insureds (collectively "PIIC insureds"), compensating these insureds for water damage to a property the insureds were developing. Admiral filed a motion to dismiss Philadelphia Indemnity's claims on three distinct grounds. First, Admiral argues that Philadelphia Indemnity failed to join all necessary parties in this action. Second, it argues that Philadelphia Indemnity lacks standing to bring these claims under its own name, as opposed to under the name of its insureds. Finally, Admiral argues that Philadelphia Indemnity's complaint fails to state any of its claims with sufficient particularity and with sufficient factual support.

Having reviewed the briefing on the motions as well as the pleadings, and having heard oral argument from counsel, the Court denies Admiral's motion for the reasons outlined below.

## I.    BACKGROUND[1]

In May 2012, DRI entered into an agreement with a general contractor, the Linbeck Group, LLC, to construct The Rise at North Gate, an 18-story multi-use, student housing facility adjacent to Texas A&M University, in College Station, Texas ("the project").  In June 2012, Linbeck entered into a subcontracting agreement with Gilbert Plumbing Company, LP, to "furnish all labor, material, equipment, supervision and insurance to perform all plumbing" at the subject property.  The agreement expressly stated that Gilbert acknowledged DRI was an "express third-party beneficiary" of the subcontracting agreement and that Gilbert would indemnify the PIIC insureds for any costs or expenses arising out of the plumbing work prompted by Gilbert's negligence or fault.  The Linbeck/Gilbert Agreement also stated that the insurance secured would be primary—the agreement stated that "such policies are primary and non-contributory with any insurance carried by Owner Group and/or Contractor Group."

Pursuant to this obligation, Gilbert secured coverage through Admiral and Ohio Casualty for the work done in connection with the project.  The Admiral policy covered the first $1,000,000 in damages while the Ohio Casualty policy provided umbrella/excess coverage for the next $4,000,000 in damages.  During this time period, DRI also had an additional insurance policy with Philadelphia Indemnity, which covered the subject property as well.

On June 22, 2013, significant water damage was discovered at the project.  This damage is alleged to have resulted from the installation of improper plumbing materials by Gilbert.  As a result of this damage, Philadelphia Indemnity reimbursed the PIIC insureds for $3,000,000 in

---

[1]    The following factual background is drawn from the allegations contained within the complaint as well as the Linbeck/Gilbert Agreement, attached to the complaint at Exhibit A.

damages.  Philadelphia Indemnity acknowledges that this payment was made despite recognizing

that the risk of loss at issue should have been borne by Gilbert's insurers, namely, Admiral and

Ohio Casualty.  To date, Philadelphia Indemnity alleges that neither of the defendants has

reimbursed any party for the property damage at issue.  Thus, Philadelphia Indemnity seeks to

recover the $3,000,000 it reimbursed its insureds.

## II.    STANDARD OF REVIEW

Admiral has moved to dismiss the complaint for failure to join a necessary party under

Rule 12(b)(7), lack of standing under Rule 12(b)(1), and failure to state a claim upon which relief

can be granted under Rule 12(b)(6).  When it considers a motion to dismiss, the Court must

"accept as true all allegations in the complaint and all reasonable inferences that can be drawn

therefrom, and view them in the light most favorable to the non-moving party." *Buoniconti v. City

of Philadelphia*, No. 15-3787, 2015 WL 8007438, at *3 (E.D. Pa. Dec. 7, 2015) (citing

*DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 215 (3d Cir. 2007)).   In order to prevail on a

motion to dismiss for failure to join a necessary party, the moving party must show that the

plaintiff has failed to join a party required under Fed. R. Civ. P. 19.  *Scottsdale Ins. Co. v. RSE

Inc.*, 303 F.R.D. 234, 235 (E.D. Pa. 2014); *see* Fed. R. Civ. P. 12(b)(7).  In reviewing a facial

attack on a court's subject matter jurisdiction based upon standing, "the court must only consider

the allegations of the complaint and documents referenced therein and attached thereto, in the

light most favorable to the plaintiff."  *Gould Electronics Inc. v. United States,* 220 F.3d 169, 176

(3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Finally, under Rule 12(b)(6), in order to properly state a claim upon which relief can be granted,

the plaintiff must have alleged the "grounds" of his entitlement to relief, which requires more than

providing "labels and conclusions" or a "formulaic recitation of the elements of the cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

### A. Joinder of Necessary Parties

Admiral first argues that this case should be dismissed under Rule 12(b)(7) for failure to join Gilbert and DRI as required parties to the litigation.

In order to determine if a party is subject to compulsory joinder, the court must engage in a two-step analysis, which is laid out in Rule 19. *Incubadora Mexicana, SA de CV v. Zoetis, Inc.*, 310 F.R.D. 166, 170 (E.D. Pa. 2015) (citing *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). First, the Court must determine whether the party is required, under the rule, to be joined in the action if feasible. Any necessary party who is subject to service of process and whose joinder would not deprive the court of subject matter jurisdiction, must be joined in this action. *See* Rule 19(a)(2). Under Rule 19(a), a party is deemed "necessary" if:

> (A) In that person's absence, the court cannot accord complete relief among existing parties; or
> (B) That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the persons' absence may:
>> 1. as a practical matter impair or impede the person's ability to protect the interest; or
>> 2. leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). This section of the Rule should be read in the disjunctive. *Gen. Refractories*, 500 F.3d at 312 (citing *Koppers Co. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 175 (3d Cir. 1998)). The ability of the Court to afford complete relief to existing parties and the interests of the absent parties in the litigation involve distinct analyses; satisfaction of either clause (A) or (B) necessitates joinder of the absent party, if feasible. *Id.* If the court determines

4

that an absent party is not necessary under Rule 19(a), however, the court need go no further. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 402 (3d Cir. 1993); *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1054 (3d Cir. 1988); *Coregis Ins. Co. v. Wheeler*, 180 F.R.D. 280, 283 (E.D. Pa. 1998).

Should the Court determine that a party is necessary under Rule 19(a), and that joinder of this party is not feasible, the Court must then move on to the second step of the analysis and determine whether such a party is indispensable to the action. In such circumstances, the action should be dismissed because "in equity and good conscience" it cannot proceed between just the existing parties. *See* Fed. R. Civ. P. 19(b). Rule 19(b) contains four factors for the Court to consider when weighting the equities to determine whether an action should proceed with an absent required party:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>    (A) protective provisions in the judgment;
>    (B) shaping the relief; or
>    (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

*Id*. Ultimately, "[w]hether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, (1968).

With these rules in mind, we now turn to analyze whether the two absent parties identified by Admiral, namely, the plumbing subcontractor and the building owner, are necessary and indispensable absent parties in the case.

### 1.  Gilbert

Admiral claims that Gilbert is necessary and indispensable because of its status as a party to both the subcontracting agreement and the insurance policies, which collectively form the basis of the litigation.  *See* Doc. No. 8 at 6.  The argument regarding Gilbert principally focuses on Gilbert's interest in the litigation.[2]  *See* Fed. R. Civ. P. 19(a)(1)(B).  Admiral argues—without citation to authority—that as a contracting party, Gilbert has a "significant interest" in the litigation and that Gilbert must be joined to protect its interests and avoid issue preclusion in any subsequent litigation.[3]

Admiral does not attempt to explain what these interests are or how they would be affected.  In essence, the defendant's position is that Gilbert must be a *per se* necessary party to this litigation because it was a party to the insurance and subcontract agreements.  There is, however, no such *per se* joinder rule.  The Third Circuit Court of Appeals has explained that a co-obligor is not automatically a necessary party under Rule 19(a).  *See Janney Montgomery Scott*, 11 F.3d at 406.  Determining whether a party is required to be joined in litigation necessitates a fact-specific examination of the interests implicated by the specific claims and underlying law at issue. *Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1121 (D. Del. 1989) (citing *Provident Tradesmens Bank v. Patterson*, 390 U.S. at 118).  The *Janney* analysis is instructive.

Janney Montgomery Scott, Inc., an investment advisor, initially entered into an agreement with The Underwood Group, Ltd. and its subsidiaries, including Shepard Niles, Inc., to secure

---

[2]   Conversely, Admiral has not articulated any reason to conclude that Gilbert is a necessary party pursuant to Rule 19(a)(1)(A).  Philadelphia Indemnity is seeking to recoup money it has already paid its insured.  The Court is unaware of any reason why complete relief could not be afforded between the existing parties in the absence of Gilbert.  *See Janney Montgomery Scott*, 11 F.3d at 405.

[3]   The Court is aware of a separate action, filed on June 18, 2015 in the Southern District of Texas by Philadelphia Indemnity against Gilbert and certain other defendants, alleging negligence and breach of contract.  *Philadelphia Indemnity Insurance Company v. Gilbert Plumbing Company, LP, et al.,* No. 15-1745 (S.D.Tex. filed June 18, 2015).  A review of the docket for the Texas case indicates that the parties to that matter are currently engaged in discovery.

private refinancing of Shepard Niles's debt obligations.  Under the agreement, Janney was to be the exclusive investment banking advisor for Underwood and its subsidiaries.  Subsequently, however, Shepard Niles secured financing through Unibank and Ampco-Pittsburgh independent of Janney.  Janney then brought a breach of contact claim against Shepard Niles in federal court.[4] Shepard Niles filed a motion to dismiss for failure to join Underwood as an indispensable party, arguing that Underwood's parental relationship to Shepard Niles and its status as a co-obligor under the consulting agreement rendered Underwood an indispensable party.

The district court granted the motion to dismiss, holding that "as a practical matter, the disposition of this action in Underwood's absence [would] impair or impede Underwood's ability to protect its interest" because the district court decision would constitute "persuasive precedent" that could be used against Underwood in a subsequent litigation.  *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* No. 92-1581, 1993 WL 4165, at *3 (E.D. Pa. Jan. 5, 1993).  But on appeal, the Third Circuit reversed.  The Court of Appeals determined that, to the extent the district court was invoking "persuasive precedent" as an analog to *stare decisis*, any effect the district court's decision on the merits may have had on an absent parties' rights was not sufficient to make that party's joinder necessary under Rule 19.  *Janney Montgomery Scott*, 11 F.3d at 407.  Rather, the Court of Appeals stated that "[i]f issue preclusion or collateral estoppel could be invoked against Underwood in another litigation, continuation of the federal action could 'as a practical matter impair or impede' Underwood's interest and so Rule 19(a)(2)(i) would require its joinder if joinder was feasible."  *Id. at* 409.  That the district court had merely raised the possibility of a preclusive effect on a subsequent litigation, however, was insufficient to require joinder.

---

[4]   Janney initially filed a state court action against Underwood and Shepard Niles for breach of contract as well as an action in federal court against Unibank for tortious interference with its contact.  *Janney Montgomery Scott*, 11 F.3d at 403.  Janney attempted to amend its complaint to include Shepard Niles in this initial federal suit before bringing the separate breach of contract claim which was considered by the Court of Appeals.

Ultimately, the Court of Appeals refused to find that Underwood and Shepard Niles were in privity or even that their interests with regards to the contract at issue were aligned.  *Id.* at 409-10. The Court rejected the notion that simply because Underwood was a co-obligor under the consulting agreement, it was a necessary party.  *Id.* at 405-06.

The Third Circuit Court of Appeals' decision in *Steel Valley Authority v. Union Switch and Signal Div.*, 809 F.2d 1006 (3d Cir. 1987), which is cited by the defendants in their papers, is consistent with the holding in *Janney*.  In *Steel Valley*, an association of municipalities organized for the purpose of encouraging economic development projects in Allegheny County, Pennsylvania sought to enjoin the owners of certain heavy manufacturing facilities from closing in order to allow the municipalities time to coordinate a plan to acquire the facilities under eminent domain.  After the case was removed to federal court, the plaintiff amended its pleadings, substituting Radice-East Hills, Inc. for Radice Corporation, one of the initial defendants.  The plaintiff argued that while Radice Corporation was the initial owner of the property at issue, it had assigned certain interests in the property to Radice-East Hills.  The plaintiff argued that remand was necessary because the assignment of those interests to Radice East rendered it an indispensable party whose presence would destroy the district court's diversity jurisdiction.

The district court denied the motion to remand, but the Third Circuit Court of Appeals reversed, holding that Radice-East was an indispensable party to the action to enjoin the owners from disposing of the property.  The Court did not apply any *per se* rule of joinder, but rather focused on the Rule 19(a) standard and whether the interest Radice-East held in the property would be impacted by the relief requested by the plaintiff.  On appeal, the plaintiff argued that Radice-East's possessory and alienability interest in the property would be directly affected by the court's action, should it prevent the closure of the property.  The defendants argued that the

assignment of interest was not yet effective and the temporary injunction sought would not extend until the point in time when Radice-East would actually take possession. Regardless of the assignment of the future interest, the defendants contended that, as a matter of fact, a decision by the court on the action to enjoin the property owners would not impact Radice-East's possessory interest, which had not come into being.

The Court, disagreeing with the defendant's position, reasoned that any injunction requiring maintenance of the *status quo* of the property would impact the alienability of Radice-East's possessory interest in the property. *Steel Valley*, 809 F.2d at 1014. The Court found that the plaintiffs would not be able to obtain complete relief if Radice-East were not joined as a party. *Id.* This holding is consistent with the requirements of Rule 19 and in no way supports a conclusion that all signatories to a contract are automatically required parties.

Admiral's primary support for its position flows from language in *Ryan v. Volpone Stamp Company*, 107 F. Supp. 2d 369 (S.D.N.Y. 2000). In *Volpone*, the court stated that "[i]t is well established that a party to a contract which is the subject of the litigation is considered a necessary party." *Id.* at 387 (citing (*Ragan Henry Broadcast Group, Inc. v. Hughes*, 1992 WL 151308 (E.D. Pa. 1992) ("Generally, where rights sued upon arise from a contract, all parties thereto must be joined."). While this language is broad, and has been echoed in subsequent opinions from courts in this circuit, *see Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *5 (E.D. Pa. June 24, 2014), *appeal dismissed* (Oct. 15, 2014), it should not be read to imply that courts have adopted a *per se* rule of joinder in the context of contract disputes. In *Ryan,* the court analyzed the interests of the relevant parties under the contracts at issue and found that joinder was required in order to protect the absent parties' interests and avoid exposing the existing parties to the possibility of conflicting obligations. 107 F. Supp. 2d at 390. Similarly, in *Mattia*, a recent

Eastern District of Pennsylvania decision which cites to *Ryan* for the principle that "it is well established that a party to a contract which is the subject of the litigation is considered a necessary party," the court also acknowledged that the issue of joinder is to be assessed on a "case-by-case basis," which requires appraisal of all the implicated interests. 2014 WL 2880302, at *5. All of this is consistent with the requirements of Rule 19.

Ultimately, we conclude that there is no *per se* joinder rule. Rather, we must analyze the nature of the interests at issue to decide whether Gilbert is a necessary party. Using the language of Rule 19(a)(1) as our guide, we must first determine whether Gilbert's absence would prevent the Court from granting complete relief among the existing parties. *See* Rule 19(a)(1)(A). The Court finds that the Gilbert's absence does not create such a possibility.

> [Rule 19(a)(1)(A) ] stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or "hollow" rather than complete relief to the parties before the court. The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.

*Rosenzweig v. Brunswick Corp.*, No. 08-807, 2008 WL 3895485, at *3 (D.N.J. Aug. 20, 2008) (citing *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1054 (3d Cir. 1988)). The complaint asserts equitable claims against the defendant insurance companies based upon the alleged priority of the various insurance policies. The complaint does not assert claims against Gilbert or create the possibility that the Court would be unable to accord complete relief on the plaintiff's claims. Gilbert's presence would have no effect on the relief the Court is able to award.

The analysis of Gilbert's interests, however, presents a somewhat finer question. Admiral argues that Gilbert has an interest in the interpretation of multiple contracts at issue in this litigation, all of which it was a party to. As discussed above, the fact that an absent party is

named in a contract is not sufficient to render them a necessary party.  But an absent contract

signatory may still be found to be a necessary party.  To understand the interests at stake, we must

look to both the claims asserted and the contracts at issue.  While the Court has not been provided

with copies of the Admiral or Ohio Casualty insurance policies, the complaint does allege that the

policies covered "claims related to Subcontractor's acts or omissions or the acts or omissions of

those acting on Subcontractor's behalf."  The complaint also asserts that these policies were

primary to the Philadelphia Indemnity policy, and that pursuant to all the relevant agreements,

Philadelphia Indemnity was only supposed to pay for damage caused by Gilbert's work which

exceeded the coverage on the Admiral and Ohio Casualty policies.  Therefore, in order to decide

whether Philadelphia Indemnity is able to recover against Admiral and Ohio Casualty, the Court

must first determine whether Admiral and Ohio Casualty had any obligation to pay for the alleged

damage.  This, in turn, will require either the Court or the Jury to decide whether Gilbert's actions

in the course of its subcontracting work caused the water damage at issue.

Therefore, given that the Court will be called upon to determine Gilbert's fault in this

action, the question then becomes whether, despite its absence, Gilbert could be collaterally

estopped from disputing, during a subsequent litigation, this Court's holding that its conduct was

the cause of the water damage.  *See Janney Montgomery*, 11 F.3d at 409 ("If issue preclusion or

collateral estoppel could be invoked against Underwood in other litigation, continuation of the

federal action could 'as a practical matter impair or impede' Underwood's interests and so Rule

19(a)(2)(i) would require its joinder if joinder were feasible."); *accord Huber v. Taylor*, 532 F.3d

237, 250 (3d Cir. 2008). "[I]ssue preclusion generally applies only to 'persons who were either

parties to [a] prior action or shared the same interest as the parties who were present in the prior

action.'"  *Huber*, 532 F.3d at 250.  Assuming that Gilbert is not joined here, we must determine

whether Gilbert's interest in disclaiming its responsibility for the damage at issue is shared with the existing defendants, such that we can conclude the existing parties would adequately protect Gilbert's interest.

An insured may very well be in privity with its insurer. *Toll Bros. v. Century Sur. Co.*, 318 F. App'x. 107, 111 (3d Cir. 2009) ("Pennsylvania law generally holds that an insurer is in privity with its insured when applying issue preclusion principles."). But the matter of privity between Gilbert and the existing defendants is, at this point, speculative. *See Janney Montgomery*, 11 F.3d at 407. As *Janney* noted:

> [i]n the case before us, the persuasive effect of a district court decision on Underwood's rights is speculative. We are unable to say with any assurance that a decision in Janney's action against Shepard Niles will be likely to impair or impede Underwood's ability to defend itself in the state action or to obtain indemnity or contribution from Shepard Niles. Accordingly, the "precedential" effect of a decision by the district court does not, in this case, justify a holding that Underwood is a "necessary" party under Rule 19(a)(2)(i).

*Id.* While Admiral and Ohio Casualty have yet to file answers, it is quite possible that they may not dispute Gilbert's negligence or fault at trial, but rather simply dispute the priority of the their policies over the policy issued by Philadelphia Indemnity. If that were so, the defendants certainly would not be protecting Gilbert's interest. *Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 148 (3d Cir. 2007) (noting insurer and insured not in privity in light of their conflicting interests); *see Toll Bros*., 318 F. App'x. 111 (explaining that *Greenway* created an exception to the principle that generally an insurer is considered in privity with its insured). The briefing also sheds no light on whether Gilbert's interests would be protected by the existing parties—Admiral certainly has not provided any basis to conclude it plans on representing Gilbert's interests. We are left then with only a hypothetical possibility that Gilbert could be precluded from raising

certain issues in a subsequent lawsuit.  The mere possibility of collateral estoppel is not sufficient to justify Gilbert's joinder under Rule 19(a)(1)(B)(i).  *See Janney Montgomery*, 11 F.3d at 411.

Rule 19, however, includes another avenue through which the Court may determine that Gilbert is a necessary party.  Under Rule 19(a)(1)(B)(ii), an absent party is necessary and must be joined if, in that party's absence, *the existing parties* to the litigation would be subject to a substantial risk of incurring "double, multiple or otherwise inconsistent obligations."  The fact that Gilbert would likely not be subject to issue preclusion in a later case creates the possibility of a later court reaching a verdict on the merits inconsistent with our own.  For example, while we may hold that Philadelphia Indemnity is entitled to recover against Admiral and Ohio Casualty, a separate action may find that Gilbert is not liable for the water damage at issue.

Rule 19, however, "was intended to protect named parties against inconsistent obligations, not inconsistent adjudications."  *Image Masters, Inc. v. Chase Home Fin*., 489 B.R. 375, 396 (E.D. Pa. 2013).  Rule 19(a)(1)(B)(ii) "protects a party against the situation in which two court orders may be entered and compliance with one might breach the other…."  *Id.* (citing *Transdermal Products, Inc. v. Performance Contract Packaging, Inc.*, No. 96-3504, 1996 WL 515497, at *2 (E.D. Pa. Sept. 3, 1996)).  Should the Court find in favor of Philadelphia Indemnity, and another court determine that Gilbert was not the cause of the water damage at issue, Admiral and Ohio Casualty could very well be obligated to pay on the claims based upon our ruling, but not obligated to pay on the claims based upon the latter ruling.  Such verdicts may be at odds conceptually but they would not impose inconsistent obligations on any of the existing parties such that compliance with one order would violate another.

For all these reasons, Admiral has failed to establish Gilbert is a necessary party that must be joined if feasible under Rule 19(a).  At this point, there is no basis to conclude that the Court

could not grant complete relief to the existing parties in Gilbert's absence, that a holding here

would impair Gilbert's ability to protect its interest in a later matter, or that Gilbert's absence

raises a substantial risk of inconsistent or multiple obligations being imposed on the existing

parties. Given all this, we need not move on to the second step in the joinder analysis and

determine whether, in equity and good conscience, the matter could proceed without them.[5] *See*

Rule 19(b); *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007); *Kuhn*

*Const. Co. v. Ocean & Coastal Consultants, Inc.*, 723 F. Supp. 2d 676, 686 (D. Del. 2010) ("if a

party is not necessary under Rule 19(a), the court need not conduct an analysis under Rule

19(b).").

## 2. DRI

Admiral also argues that DRI, the owner of The Rise at North Gate, is a necessary party

that must be joined in this action. The briefing, however, fails to address substantively the

necessary-party analysis under Rule 19(a), vis-à-vis DRI. The defendant simply asserts, without

citation or analysis, that DRI's status as a party to, or beneficiary of, the underlying contracts

giving rise to the plaintiff's lawsuit, renders it a necessary party. As discussed above, such

perfunctory analysis is insufficient as Admiral has not established the existence of a *per se* joinder

rule for parties to a contract at issue in a litigation. *See* section II.A.1, *supra*.

Looking to the substance of the various parties' interests implicated by DRI's absence—

which Admiral has failed to address in any detail—the Court finds that DRI is not a necessary

party under Rule 19(a). Based upon the allegations and claims in the complaint, it seems

uncontroverted and incontrovertible that DRI has no interest whatsoever in the outcome of this

case. DRI has been compensated for the damages at issue. All that remains is to determine which

---

[5]   Additionally, as acknowledged by the defendants, even if Gilbert were a necessary party, its joinder as a
      defendant would not destroy diversity.

insurance company is responsible for payment.  As DRI has already been compensated fully, it would make no substantive difference to DRI as to which insurance provider should have to foot the bill in the final reckoning.  Moreover, DRI's participation in the litigation would have no effect on the ability of the Court to accord complete relief to the existing parties—DRI is not seeking further compensation nor is any party seeking money from DRI.  Finally, because DRI has already been paid, their participation in this litigation would not have any impact on the possibility of the existing parties being exposed to inconsistent or multiple obligations down the road.  The Court is faced with a zero-sum determination, weighting the obligations of Philadelphia Indemnity on the one hand with those of Admiral/Ohio Casualty on the other.  DRI's presence would have no impact on this.

Admiral's only attempt to substantively argue that DRI is a necessary party involves Claim IV of the complaint.  Claim IV alleges that Philadelphia Indemnity subrogated DRI claims against Admiral and Ohio Casualty for payment on the insurance policies.  Admiral argues that the fact DRI is Philadelphia Indemnity's subrogee is sufficient to require joinder.  They only cite to a single case for this principle.  *See* Def. Br. at 8 (citing *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 113 A.3d 1230 (Pa. 2015)).  This case, however, is clearly distinguishable.  The Pennsylvania Supreme Court's holding in *Liberty* only addressed subrogation in the context of a specific statutory scheme, which is in no way relied upon here. Specifically, the Court

> granted allocator to address whether Section 319 of the WCA confers on
> employees or their workers' compensation insurers, a right to pursue subrogation
> claims directly against a third-party tortfeasor when the compensated employee
> who was injured has taken no action against the tortfeasor.

*Id.* at 1234.  The Court ultimately held that employers or their insurers have no "statutory right to bring suit directly against a third party tortfeasor to recover worker's compensation" under

Section 319. *Id.* at 1237-38.  Whether or not an employer has such a right under Section 319 of the WCA, however, does not bear on what the Court is called upon to decide here.

Philadelphia Indemnity is fully capable of bringing the claims at issue under its own name.  An action in federal court must be prosecuted in the name of the real party in interest.  *See* Fed. R. Civ. P. 17.  "It is settled law that an insurer, whether it has paid all of the loss or only part of the loss, is a real party in interest under Rule 17(a)." *Virginia Sur. Co. v. Macedo*, No. 08-5586, 2011 WL 1769858, at *19 (D.N.J. May 6, 2011) (citing *Hancotte v. Sears, Roebuck & Co.*, 93 F.R.D. 845, 846 (E.D. Pa.1982)); *Ingram v. DESA*, No. 08-1326, 2008 WL 2246428, at *5-6 (E.D. Pa. May 30, 2008).  The question of whether an insurance company should bring a claim on behalf of its subrogee in its own name or the name of its subrogee was specifically addressed in *Green v. Daimler Benz, AG*, 157 F.R.D. 340, 342 (E.D. Pa. 1994), where the court held that the insurer, *not the insured*, was the proper plaintiff.  The insurance company had initially brought a claim in state court under its insured's name, alleging negligence against an automobile manufacturer after its insured's car caught fire.  After the case was removed to federal court, the defendants filed a motion for summary judgment, arguing that the insured was not the real party in interest.  *Id.* at 341.  The court denied the motion to dismiss but allowed the insurer to be substituted as the named plaintiff.  The court explained that under both the Pennsylvania and the Federal Rules, the claim could have been brought under the insurance company's name as the real party in interest. The court, however, recognized that an exception existed in the Pennsylvania Rules, which stated that the rule mandating actions be brought in the name of the real party in interest "shall not be mandatory where a subrogee is the real party in interest."  *Id.* at 343 (citing Pa. R. Civ. Pro. 2002(d)).  Despite the conflict between Rule 17 and Pennsylvania Rule 2002(d), the Court ultimately held that the Federal Rules controlled and that the claim should have been

brought in the insurer's name and allowed the plaintiff to substitute the insurer as the named plaintiff.

Admiral has not claimed that Philadelphia Indemnity did not compensate DRI for the full amount of the alleged loss resulting from the water damage to the project.  There appears no genuine dispute that Philadelphia Indemnity is a real party in interest in this action and may seek subrogation damages in its own name.  In general, Admiral has failed to identify any reasons why DRI is a necessary party under Rule 19 and, consequently, the Court concludes that joinder of DRI is not required.[6]

### B.  Standing

Admiral next argues that Philadelphia Indemnity lacks standing to bring the claims alleged in the complaint under its own name.  In making this argument, Admiral essentially re-hashes its reasoning for why the Court should dismiss Philadelphia Indemnity's claims based upon the failure to join DRI as a necessary party.  Given that the Court has already found that Philadelphia Indemnity is a real party in interest in this matter and capable of bringing a subrogation claim in its own name, the Court finds that the defendants' reworking of this argument to attack standing is unpersuasive.

In addition to revisiting their argument regarding subrogation, Admiral also argues that Philadelphia Indemnity lacks standing to assert a direct action based upon the Pennsylvania Insurance Insolvency Act, 40 Pa. C.S.A. § 117.   Admiral, however, has provided no explanation as to why this statute applies to Philadelphia Indemnity's claims.  "The Act of May 24, 1933, P.L. 987, § 1, *as amended*, 40 P.S. § 117, authorizes direct actions against an insurance liability carrier in the event of the insolvency or bankruptcy of the insured."  *Philadelphia Forrest Hills Corp. v.*

---

[6]    Given that the Court holds that DRI is not a necessary party requiring joinder if feasible, there is no need to address whether DRI's joinder would destroy diversity jurisdiction or whether DRI is an indispensable party under Rule 19(b).

*Bituminous Cas. Corp.*, 208 Pa. Super. 461, 464, 222 A.2d 493, 494 (Pa. Super. 1966). This statute provides an avenue for a third party plaintiff to recover the value of a judgment secured against an insolvent tortfeasor from that tortfeasor's insurance provider. *Id.*; *Mancini v. State Farm Fire & Cas. Co.*, 957 F. Supp. 2d 559, 562 (E.D. Pa. 2013). This statute has no bearing on the plaintiff's claims here. Philadelphia Indemnity is not attempting to secure the value of a judgment awarded against Gilbert but rather is seeking equitable indemnification for the value of insurance claims it alleges were the responsibility of Admiral and Ohio Casualty. Admiral, for its part, has not articulated why this statute is applicable.

As Admiral has provided no credible analysis or authority suggesting that Philadelphia Indemnity lacks standing to bring any of its claims against Admiral or Ohio Casualty, the Court will deny the motion as to standing.

### C.  Failure to State a Claim

Finally, Admiral argues that the complaint fails to state a claim with sufficient particularity and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Admiral identifies three defects with the pleadings which they argue require dismissal.

Most broadly, Admiral argues that the complaint is "devoid of factual content" and that "each allegation is fashioned as a legal conclusion." Def. Br. at 11. The Court finds that Admiral's characterization of the complaint is inaccurate. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 678 (citing *Twombly*, 550 U.S. at 570). Admiral's briefing, however, acknowledges that the complaint includes 20 paragraphs of factual allegations. Def. Br. at 12. The sufficiency of the pleadings is dependent upon the specific claims asserted. *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) ("[J]udging the

sufficiency of a pleading is a context-dependent exercise"). Admiral has provided no explanation as to how the facts asserted are insufficient in the context of any of the four claims alleged.

Admiral also argues that Philadelphia Indemnity was required to attach copies of the underlying insurance agreements to the complaint in order to adequately state a claim under *Twombly*. "Federal courts do not require a plaintiff to attach the alleged contract to the complaint." *AM Logistics Inc. v. Sorbee Int'l, LLC*, No. 13-2876, 2014 WL 99451, at *3 (E.D. Pa. Jan. 9, 2014) (citing *Transport Int'l Pool, Inc. v. Ross Stores, Inc.*, No. 06–182, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009); *Jones v. Select Portfolio Servicing, Inc.*, No. 08–973, 2008 WL 1820935, at *4 (E.D. Pa. Apr. 23, 2008)). The *Twombly* decision specifically does not speak to when—if ever—a contract must be attached.  Further, Admiral's argument that Philadelphia Indemnity needed to attach the insurance agreements to its complaint is somewhat disingenuous as Admiral— not Philadelphia Indemnity—is a signatory to these agreements and, as such, should already have ready access to them.

Finally, in addition to arguing—unpersuasively—the insufficiency of factual pleadings, Admiral also argues that the complaint should be dismissed because it fails to recite, point by point, the elements of each claim.  The motion does not, however, argue that the complaint fails to contain allegations regarding the necessary elements of each claim—the defect alleged relates to failure to "cite" these elements.  *See* Def. Br. at 11.  There is no authority in the briefing which justifies application of such a rigid and formalistic pleading requirement.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The notice pleading standard applies in all civil actions, unless otherwise specified in

the Federal Rules or statutory law. *Thomas v. Indep. Twp.*, 463 F.3d 285, 295 (3d Cir. 2006).

Courts have explained that formulistic pleading of the elements—which is precisely what

Admiral asks for here—is insufficient under federal notice pleading. *See Twombly*, 550 U.S. at

555; *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) ("Mere restatements of the

elements of a claim are not entitled to the assumption of truth") (citing *Burch v. Milberg Factors,*

*Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).  For all of these reasons, the Court finds that Admiral has

failed to present a colorable argument in favor of dismissing the action for failure to state a claim.

## IV.   CONCLUSION

The Court will deny the motion to dismiss for the reasons articulated above.  The Court

finds that neither Gilbert, nor DRI is a necessary party under Rule 19(a) that must be joined in this

action.  The Court also finds that Philadelphia Indemnity has standing to bring the claims alleged

under its own name.  Finally, the Court declines to dismiss claims based upon general, and largely

unsupported, assertions of the complaint's factual insufficiency.

An appropriate order follows.


BY THE COURT:


 /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge